UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ALEXANDER,

        Plaintiff,                      Case No. 2:21-cv-12369
                                                District Judge Nancy G. Edmunds
v.                                           Magistrate Judge Anthony P. Patti

DATTAHN JAMAL WADE,

        Defendant.

_____/

**<u>ORDER GRANTING PLAINTIFF'S DECEMBER 14, 2023 MOTION TO COMPEL PRODUCTION OF AUDIO/VIDEO RECORDINGS REFERENCED IN NEWLY PRODUCED DISCOVERY MATERIALS (ECF No. 79)</u>**

**A.    Prior Discovery**

Discovery in this case was originally due on November 2, 2022 (ECF No. 11) but was later extended to January 20, 2023 (ECF No. 34) and then to March 6, 2023 (ECF No. 49). In January 2023, Plaintiff filed a motion (ECF No. 50) for certain non-parties to comply with the Court's November 29, 2022 order (ECF No. 40). In February 2023, Plaintiff filed two additional motions to compel (ECF Nos. 53, 54), one of which sought to have the non-parties "un-redact certain information in their production[,]" as the Undersigned recognized in its April 11, 2023 text-only order (ECF No. 59), which denied the January 2023 motion as moot. On

1

April 13, 2023, the Court denied the February 2023 motions to compel, one as moot and the other on the merits. (ECF No. 60.)

**B.     Assignment of Counsel**

Plaintiff initiated this case *in pro per* and his case survived dispositive motion practice. (ECF No. 65.) In August 2023, Judge Edmunds referred this case for appointment of *pro bono* counsel (ECF No. 69); in September 2023, I entered an order requesting assignment of *pro bono* counsel and staying proceedings (ECF No. 70); on October 2, 2023, the Court entered an order of assignment of counsel (Attorney Ronnie E. Cromer, J.) (ECF No. 71); and, on October 24, 2023, the stay was lifted (ECF No. 72).

Plaintiff, via counsel, contends that supplemental/additional discovery documents were produced on November 27, 2023 (ECF No. 79, PageID.629), which seemingly included non-redacted police investigative reports referencing recordings (ECF No. 79-2.) The following day, November 28, 2023, Judge Edmunds conducted a status conference (ECF No. 74), at which Plaintiff's counsel apparently mentioned the recent disclosures (ECF No. 79, PageID.631 n.2). Then, from November 29, 2023 to December 6, 2023, Attorneys Cromer and Domin exchanged emails, with the Plaintiff's counsel's initial email stating, *inter alia*, that "audio/video recordings referenced in multiple police reports which document the incident" should be produced (ECF No. 79-1, PageID.639), and the most recent

statement from defense counsel making clear that the City "will not be producing anything additional that is outside the scope of [Plaintiff's] previous discovery requests/subpoenas and will oppose any motion to reopen discovery at this time[,]" (*id.*, PageID.643).

## C. Instant Matter

Currently before the Court is Plaintiff's December 14, 2023 motion to compel (ECF No. 79), which specifically concerns "certain audio and video recordings that were only recently referenced and identified in supplemental discovery materials produced by Defendants on November 27, 2023[,]" *e.g.*, "body camera footage, squad car recordings, and recorded witness statements concerning the events underlying this dispute on October 10, 2018." (*Id.*, PageID.628-629; *see also id.*, PageID.631.)[1]

---

[1] Plaintiff's motion refers to "Mag. Patti" (ECF No. 79, PageID.631 n.2), and Plaintiff's counsel referred to the Undersigned as a "magistrate" at oral argument. Counsel is advised that the title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" 34 years ago, in 1990. Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 Fed. Courts L. Rev. 1, 5-6 (2015). Accordingly, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. I note that the case law also sometimes uses the term "magistrate," perhaps because some cases may involve "magistrates" as defined under pertinent *state* law or because the case law predates the 1990 change in title, but at other times just out of carelessness in reference to federal magistrate judges. In the latter case, it is the equivalent of calling a district judge

3

Judge Edmunds has referred this motion for hearing and determination (ECF No. 80). Defendant filed a response on December 20, 2023 (ECF No. 82), and the parties have submitted a joint statement of resolved and unresolved issues (ECF No. 84). At the in-person hearing noticed for January 19, 2024 (ECF No. 81), Attorney Ronnie E. Cromer, Jr. appeared for the Plaintiff and Attorney Sarah V. Domin appeared for the Defendant.

**C.     Order**

Upon consideration of the motion papers and oral argument, and for the reasons stated on the record by the Court, all of <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion (ECF No. 79) is **GRANTED**. Plaintiff's request for discovery is warranted, *inter alia*, because:

- "A lawsuit is a search for the truth." *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981). The exact words used by the witnesses, and video capturing events as they unfolded or in their immediate aftermath, will help reveal what actually happened in the key event of this lawsuit, which resulted in Plaintiff being shot and suffering serious injuries.

- Notwithstanding Defendant's argument that "Plaintiff Has Possessed The 'Late-Produced' Discovery Since January 2022" (ECF No. 82, PageID.670-671), and the fact that unrepresented parties are held to the same standards as parties represented by counsel, it is also the case that a *pro se* Plaintiff may not have comprehended the importance of certain pieces of evidence to his or her case.

---

"district," a bankruptcy judge "bankruptcy," a circuit judge "circuit," or perhaps just as inappropriately, a lieutenant general "lieutenant." Thus, the correct salutation is either "Magistrate Judge" or simply "Judge."

- During the hearing, defense counsel admitted that a CD recording could not have been mailed to a prisoner, so he would not have gotten it, even if he had asked for it before he had counsel, nor could he have received it electronically.[2]

- To the extent Plaintiff seeks to reopen discovery to permit "additional discovery regarding audio/video evidence revealed in Defendants' [November 27, 2023] production[,]" (*id.*, PageID.634-636), this purpose is limited, and excusable neglect exists.  Fed. R. Civ. P. 6(b)(1)(B).  Relatedly, notwithstanding Defendant's argument that "Plaintiff's Newly Appointed Counsel[']s Change in Litigation Strategy is Not Good Cause to Extend Discovery a Second Time," (ECF No. 82, PageID.671-674), the cases he cites are distinguishable, as they concern substitution of *new counsel for old counsel*, not a licensed attorney for a *pro se* litigant.  Moreover, the Court concludes that Defendant will not be unduly prejudiced.

- Several written witness "statements" that were allegedly already produced do not contain substance (*see e.g.*, ECF No. 79-2, PageID.645), in which case the referenced recording *was effectively incorporated* and should have been produced with the statement itself.  These written "statements," in essence, just ask for and obtain the right to record the witnesses' statements on audio or video, with virtually all of the substance of the interviews being on the recordings, and none on the written statements that were actually produced.  With respect to these, the Court is technically ordering the *completion* (as opposed to the *reopening*) of discovery.  In short, this material should have already been produced; these are not new requests.

- The requested material is discoverable under Fed. R. Civ. P. 26(b)(1), among other reasons because it is relevant and

---

[2] Plaintiff is currently serving sentence(s) imposed on September 10, 2019 in Case Nos. 19-002794-01-FH (Wayne County) and/or 18-008418-01-FH (Wayne).  *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=223690.

5

because it may be important in resolving the issues in this case, either before a jury or in settlement discussions. To the extent Defendant argues that the requested material is "not relevant" and, therefore, is inadmissible, because it concerns matters "*after* the incident had already concluded[,]" (ECF No. 82, PageID.674), discovery, as defined by Rule 26(b)(1), is broader than admissibility, the latter of which may be addressed via motions *in limine* or through objections at trial.

- Disclosure of the requested materials will keep witnesses honest. Put another way, the best evidence is an actual recorded interview, not a written synopsis by Defendant's colleagues at the Detroit Police Department. And it is clear that, notwithstanding Defendant's argument that this evidence is "after the fact," it likely contains evidence of excited utterances, contemporaneous statements, or statements made in the immediate aftermath of events perceived. *See*, *e.g.*, 29A Am. Jur. 2d Evidence § 1055 ("Audio and video recordings").

- The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Producing these materials will avoid at least a potential injustice, and will neither appreciably slow down these proceedings nor make them more expensive.

Accordingly, no later than **Friday, January 26, 2024**, Defendant **SHALL** produce the items referenced in Plaintiff's counsel's November 29, 2023 9:14 a.m. email, namely:

- Squad car video from the vehicle that arrived at the scene of Mr. Alexander's accident with Ms. Rivers on their way to the hospital.

- Body camera and squad car footage from the responding and observing DPD officers - POD. Liss ( 4339); PO J. Defeat

> (1121 ); Scout 5-6 (173005); PO Joseph Lennis-Saunders (3971); PO Christopher Dodd (479); Lt. Sanchez.
>
> - Any and all copies of 911 call recordings, including calls from witnesses on the scene and Defendant Wade.
>
> - Any outstanding recorded witness statements referenced in police reports as having been taken, including interviews with: Octavio Clark (10/10/18); Roger Skully (10/11/18); Donta Claude Johnson (10/10/18); and Larry Crane Jr. (10/10/18).

(ECF No. 79-1, PageID.639.) Additionally, and in part because it is not clear whether the telephone or in-person conversations between Lieutenant James A. Demps (L-335) and Defendant Wade were recorded (either by audio or by video) (*see id.*, PageID.662), Defendant is required to produce any audio or video recordings of any witness, whether listed in this email or not, who is referenced in the "Non-Redacted Police Investigative Reports Referencing Recordings" attached to Plaintiff's motion (*see* ECF No. 79-2), including, but not limited to, any recordings or body camera footage of or from Demps, if it exists.

Finally, to the extent Plaintiff requests an award of "reasonable attorney fees associated with filing this motion[,]" (ECF No. 79, PageID.630), the Court recognizes that the motion was granted, but nonetheless concludes that "other circumstances made an award of expenses unjust[,]" particularly since this motion is a mixture of materials previously and newly requested, and since the periods for discovery and moving to compel discovery have already closed. Fed. R. Civ. P. 37(a)(5)(A)(iii).

7

**IT IS SO ORDERED.**[3]

Dated: January 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).