UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ALEXANDER,

       Plaintiff,

v.

DATTAHN JAMAL WADE, and
WAYNE COUNTY PROSECUTOR'S OFFICE,

       Defendants.
_____/

Case No: 21-12369

Honorable Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS [85]**

       This is an excessive force case brought by Plaintiff Isaac Alexander against Defendant Detroit Police Officer Dattahn Jamal Wade. Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 85.) Plaintiff responded in opposition to Defendant's motion and Defendant replied. (ECF Nos. 88, 95.) Plaintiff also filed a supplemental brief. (ECF No. 101.) The Court held a hearing on February 21, 2024. For the reasons that follow, Defendant's motion is denied without prejudice.

**I.    Background**

       On October 10, 2018, Plaintiff engaged in a physical altercation with his fiancée, Starr Rivers, who was reportedly carrying a firearm. Plaintiff contends that Rivers attempted to reach for the firearm, but that he preemptively seized it to prevent potential harm to himself or Ms. Rivers. Defendant Wade, an off-duty Detroit Police Officer, was nearby and walked over to investigate what he described as "a loud commotion." (ECF No. 85-1, PageID.716.) When he arrived at the scene he identified himself as a Detroit

1

police officer and instructed Plaintiff to drop the firearm. In his Complaint, Plaintiff claims he "immediately" discarded the weapon, but Defendant Wade testified he ordered Plaintiff to drop the gun multiple times to no avail. (ECF No. 1, PageID.2, ECF No. 85-1, PageID.721.) Defendant shot Plaintiff in the groin area causing severe injury to his femur bone. The parties dispute whether Defendant shot Plaintiff before or after Plaintiff dropped the gun and whether the shooting was necessary or reasonable under the circumstances.

The Wayne County Prosecutor's office charged Plaintiff with several crimes relating to the incident with Rivers. On August 21, 2019, a jury found him guilty of felonious assault in violation of Michigan Compiled Laws § 750.82, assaulting/resisting/obstructing a police officer in violation of § 750.81d(1), felon in possession of a firearm in violation of § 750.224f, domestic violence in violation of § 750.81(2), and three counts of possession of a firearm during the commission of a felony in violation of § 750.227b(1), including one count relating to the obstruction charge. Plaintiff was sentenced to a term of incarceration on September 10, 2019. Plaintiff appealed and the Michigan Court of Appeals upheld his convictions. *People v. Alexander*, No. 350816, 2021 WL 3573795 (Mich. Ct. App. Aug. 12, 2021). The Michigan Supreme Court denied him leave to appeal further. *People v. Alexander*, 969 N.W. 2d 32 (Mich. 2022).

On October 2, 2021, Alexander initiated the present lawsuit against Officer Wade. Seeking compensatory and punitive damages, Plaintiff brings claims of excessive force under the Fourth Amendment, assault and battery, and gross negligence under Mich. Comp. Laws § 691.1407(7). Defendant now seeks dismissal of this action based upon the Heck Doctrine.

2

II.     Discussion

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff is barred from asserting a § 1983 claim that necessarily implies the invalidity of an underlying criminal conviction if that conviction has not otherwise been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When presented with an argument under *Heck*, district courts are given the following instruction:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487.

Defendant argues that Plaintiff's claims are barred by *Heck* because his Complaint is premised upon the allegation that Plaintiff "immediately" complied with Defendant's order to drop the gun before he was shot. (ECF No. 85, PageID.701.) According to Defendant, if Plaintiff's action is successful, this would necessarily imply the invalidity of Plaintiff's conviction for obstructing a police officer under Mich. Comp. Laws 750.81d(1). The Court disagrees that the invalidity of the conviction would be "necessarily" implied at this stage in the proceeding. *See Ruemenapp v. Oscoda Twp., Mich.*, 739 F. App'x 804, 810 (6th Cir. 2018).

In *Schreiber v. Moe*, the Sixth Circuit Court of Appeals examined *Heck* in combination with the specific obstruction statute under which Plaintiff was convicted.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010). There, the Court noted that "in Michigan, one may be convicted under § 750.81d(1) simply for a 'knowing failure to comply with a lawful command,'"[1] and that such a failure does not generally make any amount of force reasonable. *Id.* at 334. Elaborating further, the Court identified two circumstances in which an excessive-force claim might conflict with a conviction: First, when the lack of excessive force is an element of the crime; and second, when excessive force is an affirmative defense to the crime. *Id.* Finding neither of these criteria to be applicable to § 750.81d(1), the Court concluded that the plaintiff's excessive force claim did not challenge his conviction for attempting to resist his arrest. *Id.* at 335.

The same conclusion can be reached here, where a successful outcome for Plaintiff would not "necessarily" imply the invalidity of his § 750.81d(1) conviction. The jury very well could have based its decision to convict Plaintiff on the obstruction charge because of Plaintiff's failure to comply with a police order. *See* Mich. Comp. Laws § 750.81d(7)(a). Though Defendant focuses on Plaintiff's statement that he "immediately" threw the gun to the ground, Plaintiff is not required to prove this to be successful on his § 1983 claim. Rather, he must prove that Defendant "actively participated in the use of excessive force" as measured by a reasonableness standard. *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Because it is possible for both Plaintiff to have disobeyed a lawful command from Defendant and for Defendant to have used unreasonably

---

[1] Mich. Comp. Laws § 750.81d(1) prohibits assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a person whom an individual knows or has reason to know is performing his or her duties as a peace officer. "Obstruct" is defined by the statute as "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." Mich. Comp. Laws § 750.81d(7)(a).

4

excessive force, Defendant's argument fails.[2] The Heck Doctrine does not preclude Plaintiff's claims.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 85) is **DENIED**.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 21, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2024, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager

---

[2] Though it is possible for both of these circumstances to be true absent testimony to the contrary, Defendant may have grounds to renew his argument under *Heck* based on evidence received at trial.